UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS JEROME COOK,

v.                                        Case No. 8:01-cr-147-T-24MAP
                                             8:04-cv-2161-T-24MAP

UNITED STATES OF AMERICA.

_____

O R D E R

The Court denied Defendant Thomas Jerome Cook (Cook's) 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.

BACKGROUND

On April 24, 2001, a grand jury returned an indictment charging Cook with distributing a detectable amount of cocaine base ("crack cocaine") on January 23, 2001 (count one), and on January 31, 2001 (count two), in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); possessing with intent to distribute 50 or more grams of cocaine base on February 7, 2001 (count three), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii); maintaining a place for the purpose of manufacturing and distributing crack cocaine on February 7, 2001 (count four) in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2; and possessing ammunition as a previously convicted felon (count five) in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. cr-1). The grand jury returned a superseding indictment on February 28, 2002 that changed the original indictment only in that it charged Cook with distributing cocaine instead of crack cocaine in counts one and two and omitted the aiding and abetting offense in count four. (Doc. cr-24).

On March 7, 2002, after four days of trial, a jury found Cook guilty of counts two and three, and not guilty of counts one and five. (Doc. cr-36). The jury also returned a special verdict finding that count three involved fifty grams or more of cocaine base. (Doc. cr-37). The Court entered a judgment of acquittal as to count four. (Doc. cr-40). On May 31, 2002, the Court sentenced Cook to serve concurrent terms of 240 and 360 months of imprisonment to be followed by concurrent terms of 36 and 60 months of supervised release. (Doc. cr-45). Cook appealed the judgment and sentence to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit affirmed Cook's conviction and sentence on May 27, 2003. (Doc. cr-66). On October 6, 2003, the Supreme Court denied Cook's Writ of Certiorari. United States v. Cook, 540 U.S. 846 (2003).

On September 28, 2004, Cook filed a timely 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence, asserting eleven counts of ineffective assistance of counsel and challenging the Court's use of a past conviction during sentencing to enhance his sentence as a career offender. (Doc. cv-1; cr-69)

On January 3, 2005, the Court denied Cook's motion to vacate. (Doc. cv-14). Judgment was entered. (Doc. cv-15).  Then, on March 17, 2005,  Cook filed a motion for reconsideration (Doc. cv-16). On March 21, 2005, Cook filed a motion to supplement his 2255 motion to vacate. (Doc. cv-17).  Cook sought to supplement the record by submitting a second affidavit of his father regarding the arguments Cook made in his motion to vacate.

On March 28, 2005, Cook filed a motion for leave to submit Mr. Ramos' state plea transcript in support of Petitioner's [Cook's] motion for new trial.  (Doc. cv-18).  However, there was no pending motion for a new trial in his criminal case, 8:01-cr-147-T-24MAP.

On July 15, 2005, Cook filed a motion to supplement his motion for reconsideration of the order denying the 2255 motion to vacate. (Doc. cv-19). Cook did not raise any new issues in this proposed supplement. After considering the motions, on August 19, 2005, the Court granted Cook's motion for leave to supplement his motion for reconsideration of the order denying the 2255 motion to vacate; denied his motion for reconsideration of the order denying the 2255 motion to vacate; denied his motion for expansion of the record; and denied his motion for leave to submit the state plea transcript of Ramos in support of Cook's motion for new trial.

On September 16, 2005, Cook filed an application for a certificate of appealability (Doc. cv-22) and a motion for leave to appeal in forma pauperis. (Doc. cv-23).

To merit a certificate of appealability, Defendant must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 475 (2000). Defendant has failed to meet this standard. Therefore, Defendant has failed to satisfy the Slack test. See also, Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000).

Accordingly, the Court orders:

1. That Cook's application for certificate of appealability (Doc. cv-22) is denied.

2. That Cook's motion for leave to appeal in forma pauperis (Doc. cv-23) is denied.

ORDERED at Tampa, Florida, on September 26, 2005.

SUSAN C. BUCKLEW
United States District Judge

AUSA: John F. Rudy, III
Pro Se Litigant: Thomas Jerome Cook