UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

v.  Case No. 8:01-cr-147-T-24MAP
  8:04-cv-2161-T-24MAP

THOMAS JEROME COOK.

_____

**O R D E R**

This case is on remand from the United States Court of Appeals for the Eleventh Circuit. (Doc. cv-31).

The Remand

Thomas Jerome Cook, a federal prisoner serving a 360-month sentence for possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), appeals, pro se, the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability on the following issues:

(1) Whether the district court erred by determining that this Court on direct appeal had foreclosed Cook's argument in his § 2255 motion that his trial counsel was ineffective for failing to object to a duplicitous indictment when Cook did not raise that argument on direct appeal;

(2) Whether the district court erred by failing to address Cook's claims that trial counsel improperly subjected him to plain error review on appeal by failing to preserve issues regarding (a) the allegedly false testimony of Deputy Johnson, a government witness; and (b) the prosecutor's alleged improper vouching for government witnesses during closing arguments; and

(3) Whether the district court erred by determining that trial counsel was not ineffective for providing erroneous advice regarding the offenses charged in the indictment and failing to adequately advise Cook regarding

whether he should accept the government's plea offer.

When reviewing the denial of a § 2255 motion, we review a district court's factual findings for clear error and legal issues de novo. *Castilo v. United States,* 200 F.3d 735, 736 (11th Cir. 2000) (per curiam). We review an ineffective-assistance-of-counsel claim de novo. *Chandler v. United States,* 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc). Generally, an issue that has been raised and decided on direct appeal is not subject to review in a § 2255 proceeding. *See United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000).

To demonstrate ineffective assistance of counsel, a prisoner first "must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 80 L.Ed. 674 (1984). Second, the prisoner must establish "that the deficient performance prejudiced the defense." *Id.*

To prove *Strickland*'s deficient performance prong, the prisoner must show that counsel made errors so serious that he or she was not functioning as the counsel the Sixth Amendment guarantees. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential. . . ., [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id.* at 689, 104 S.Ct. at 2065.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S.Ct. at 2067.

The Supreme Court has held that *Strickland's* two-part test also applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S., 52, 58, 106 S.Ct. 366, 370, 88 L. Ed. 203 (1985). *Hill* further held that, in order to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370. We have held that "after the fact testimony concerning [a] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice. . . he would have accepted the plea offer." *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991).

I. Duplicitous Indictment

On appeal, Cook argues that the district court erred in determining that he raised on direct appeal his duplicitous indictment claim, which was based on the jury's consideration on both the drugs found in his house and the drugs found in his truck, thus precluding the court from considering it in his § 2255 motion. Cook argues that because the district court failed to consider his claim, we should remand the issue based on *Clisby v. Jones*, 960 F.2d 925, 927-28, 934 (11th Cir. 1992)(en banc) (instructing district courts to "resolve all constitutional claims raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [] before granting or denying relief.").

Although we addressed Count 3 of Cook's indictment regarding whether it was proper for the jury to consider the drugs in his truck on direct appeal, we never addressed duplicity. *See United States v. Cook*, 11th Cir. 2003, ---- F.3d ---- (No. 02-13232, April 1, 2003). The district court's error did not violate *Clisby*, however, because the court addressed Cook's claim, although it incorrectly determined that cook had previously raised the same argument on direct appeal. Despite the district court's error, we may affirm on any ground the record supports. *See United States v. Mejia*, 82 F.3d 1032, 1035 (11th Cir. 1996).

We have noted that accusations involving "charges under two distinct statutes carrying separate penalties and involving different evidence" constitutes a duplicitous indictment. *United States v. Ramos*, 666 F.2d 469, 473 (11th Cir. 1982). In *Ramos*, the appellants sought to strike as duplicitous the initial count of the indictment, which charged them with "conspiring to possess and to distribute methaqualone." *Id.* at 473. Although Count 1 of the indictment charged one crime, conspiracy under 21 U.S.C. § 846, which had "two goals - possession and distribution," the appellants claimed that Count 1 was duplicitous because it charged two conspiratorial objectives. *Id.* We held that the indictment was no duplicitous because "the appellants were charged with and sentenced for violating one statute only, 21 U.S.C. § 846, and [] the required proof was limited to a lone agreement among the members of one group to consummate a single transaction: the sale of methaqualone to [a DEA agent]." *Id.* at 474.

As in *Ramos*, Cook was charged with violating one statute, 21 U.S.C. § 841, and the required proof was limited to possession of cocaine base on February 7, 2001.[1] Although the district court considered the drugs in both the house and in the truck, Cook has cited no authority that it was impermissible for the district court to consider this evidence or charge it in one count.

[1] Although the indictment itself is not in the record, in our previous decision on direct appeal we described the indictment with enough

> specificity that we can rely on that description as record evidence of the indictment's contents in this appeal. *United States v. Cook*, 11th Cir. 2003, ---- F.3d ---- (No. 02-13232, Apr. 1, 2003).

Therefore, because it appears that the indictment was not duplicitous, counsel's performance was not deficient, and we affirm as to Issue 1. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *see also United States v. Folks*, 236 F.3d 384, 391-92 (7th Cir. 2001) (holding that an indictment was not duplicitous when it charged that defendant, on or about a specified date, had possessed a controlled substance with intent to distribute it, because defendant's guilt could have been proved by numerous scenarios including evidence that drugs had been found within the defendant's residence and drug residue previously had been found on sandwich bags in residence's trash cans); *United States v. Washington*, 127 F.3d 510, 513 n.3 (6th Cir. 1997) (holding that an indictment was not duplicitous when the government offered proof of two separate drug transactions involving each defendant on the same day and either transaction could have provided the predicate for a conviction for possession with intent to distribute crack cocaine.

II. Counsel's Failure To Object to False Testimony and Closing Statement

Cook also argues that the district court failed to address his claims regarding whether his trial counsel was ineffective for not objecting to Deputy Johnson's allegedly false testimony and for not objecting to the prosecutor's improper statements at closing. Cook contends that these failures subjected him to plain error review on appeal. He argues that we should remand in light of *Clisby* because the court never addressed in his § 2255 motion whether counsel was ineffective for failing to object and preserve the issue on appeal.

The district court's error does not violate *Clisby*, however, because the district court addressed Cook's claim in his § 2255 motion, although it incorrectly determined that Cook had previously raised the same arguments on direct appeal. Nevertheless, the district court erroneously found that we considered and rejected these claims on direct appeal. Although we did state on direct appeal that the prosecutor's improper remarks during closing argument did not prejudice Cook, the district court did not consider whether counsel was ineffective for subjecting Cook to plain-error review on direct appeal. *United States v. Cook*, 11th Cir. 2003, ----F.3d ----(No. 02-13232, Apr. 1, 2003). The district court also erred in determining that we considered Cook's argument concerning Deputy Johnson's testimony on direct appeal because we did not consider that argument at all. *Id.* Therefore, we vacate and remand to allow the district court to consider Cook's claims concerning whether his counsel was ineffective for failing to object to the prosecutor's remarks and Deputy Johnson's testimony and the effect of plain-error review on those issues. [2]

[2] Unlike in Issue1, there is not enough evidence in the record to substantiate the government's claims that counsel's performance was not ineffective based on the strong evidence against Cook because the trial transcripts are not in the record.

### III. Counsel's Erroneous Advice

Cook further argues that the district court erred in finding that his trial counsel was not ineffective for providing erroneous advice regarding whether he was charged with only the drugs found in the house or also with the drugs found in his truck. Clark [sic] contends that his advice led him to reject the government's plea offer when he would have otherwise accepted it.

Cook also filed a motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e), which is at issue in the present appeal, arguing that: (1) counsel misinformed him about the drugs found in the truck; (2) he would have accepted the plea offer had counsel not made the misleading statement; and (3) the district court applied the wrong standard for determining prejudice. He also submitted new statements from himself and his father supporting these arguments. The district court denied the motion for reconsideration and motion to submit the new statements.

Here, although Cook asserts that he would have accepted the plea offer but for counsel's statements regarding the drugs in the truck, the only supporting evidence that Cook provided in the record was his own statement after the fact. Therefore, Cook's evidence was insufficient. *See Diaz*, 930 F.2d at 835. In addition, the district court properly denied Cook's motion for reconsideration and motion to submit new affidavits because the evidence was available during the pendency of the § 2255 motion. *See Mays v. U.S. Postal Serv.,* 122 F.3d 43, 36 (11th Cir. 1997)(per curiam). Thus, because Cook did not demonstrate that his counsel's advice prejudiced him, we affirm the district court as to issue 3. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

### Conclusion

Although the district court failed to address properly Cook's arguments concerning whether counsel was ineffective for failing to object to a duplicitous indictment, we affirm Issue 1 because the indictment was not duplicitous. We vacate and remand Issue II however, because the district court failed to address completely Cook's argument regarding whether his trial counsel was ineffective for failing to object to both a witness's testimony and the prosecutor's remarks and because the record does not demonstrate whether counsel's performance was deficient and prejudicial. Because Cook failed to demonstrate that his trial counsel's allegedly erroneous advice

prejudiced him, we affirm Issue 3.

## DISCUSSION

A review of the trial transcript and the applicable law demonstrates that, for the following reasons, counsel's performance was not deficient and prejudicial for failing to preserve issues regarding 1) Deputy Johnson's testimony and 2) the prosecutor's closing remarks by objecting to these issues at trial. Furthermore, counsel's performance was not deficient and prejudicial for subjecting Cook to plain error on appeal by failing to preserve the issues.

### Plain Error Review

Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir. 2005). For an error to be plain, it must be obvious or clear under current law. *United States v. Baker*, 432 F.3d 1189, 1207 (11th Cir.2005). For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). To establish prejudice, the defendant must show a reasonable probability of a different result. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir.), *cert. denied*, 545 U.S. 1127 (2005). Where the effect of an error on the district court's sentence is uncertain or indeterminate, the defendant cannot show prejudice. *Id.* at 1301. *See United States v. Hernandez*, 181 Fed. Appx. 854, *855-856, 2006 WL 1374497,*1 (11th Cir. 2006); *United States v. Stricklin*, 290 F.3d 748, 752 (5th Cir. 748)[1](plain error standard of

---

[1] Cook cited to *Stricklin* in his memorandum of law supporting his 2255 motion.

review on direct appeal is a more stringent standard than the clear error standard that is applied if counsel objects at trial).

### A. Deputy Johnson's Testimony

Cook alleges that Deputy Johnson testified falsely regarding the weight of the crack cocaine seized from Cook's truck on February 7, 2001, and that his trial counsel was ineffective for failing to object to this allegedly false testimony. He contends that counsel's failure to object at trial subjected his appeal on this issue to plain-error rather than clear-error review.

First, counsel was not ineffective for failing to object to Deputy Johnson's testimony. Deputy Johnson testified on direct examination that the NationsBank bag seized from Cook's truck on February 7, 2001, contained a package of crack cocaine that weighed 39.0 grams and a pill bottle containing 20.9 grams of crack cocaine. (Doc. cr-59 at 191-92)[2] Cook's trial counsel did not object to this testimony nor did counsel cross-examine Deputy Johnson regarding how Johnson had determined the weight of the crack cocaine, presumably because the parties had agreed to stipulate to the weight of the crack cocaine. (Doc. cr-59 at 195-201; 157-64 [discussion regarding stipulations preceding Deputy Johnson's testimony]).  Thereafter, the stipulation -- that 16.9 grams of crack cocaine had been seized from Cook's truck on February 7 -- was published to the jury at the close of the Government's case-in-chief. (Doc. cr-60 at 41).

Because the parties had stipulated to the amount of crack cocaine seized from Cook's truck on February 7, 2001, there was no dispute as to that amount. *See United*

---

[2] Documents numbered cr-58, cr-59, cr-60, and cr-61 are transcripts of the trial proceedings.

*States v. Giraldo*, 132 Fed. Appx. 800, 804 (11th Cir. 2005) *(*citing and quoting *United States v. Sanchez*, 269 F.3d 1250, 1272 n.40 (11th Cir. 2001) (en banc) (overruled on other grounds). Deputy Johnson's testimony -- before the stipulation was published -- regarding the weight of the crack cocaine was inaccurate, but this was not an inaccuracy that the Government failed to correct.  The testimony was corrected with the stipulation. Moreover, the testimony could not have affected the jury's verdict because the parties also stipulated that government's Exhibit 1, which the evidence showed had been seized from Cook's house on February 7, 2001, consisted of 131.7 grams of crack cocaine. (Doc. cr-60 at 41).  That evidence was sufficient to support the jury's finding that Cook had possessed at least fifty grams of crack cocaine on February 7, 2001.  *See United States v. Harris*, 20 F.3d 445, 454 (11th Cir. 1994) (government may establish possession by either direct or circumstantial evidence showing either actual or constructive possession; to establish constructive possession, government may show ownership, dominion, or control over controlled substance itself or premises where substance is located); *United States v. Poole*, 878 F.2d 1389, 1391-92 (11th Cir. 1989)(intent to distribute can be proven circumstantially and can be inferred from the amount of the drugs).

<u>No Prejudice Under *Strickland* and under Plain-Error Standard of Review</u>

To prove prejudice under *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland v. Washington*, 466 U.S. 668, 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S.Ct. at 2067.

Cook has not shown that counsel was ineffective because he has not shown that counsel's objection to Deputy Johnson's testimony would have had any effect on the outcome of his trial. Likewise, he cannot show that he was prejudiced by the appellate court's plain error review because Cook cannot show a reasonable probability of a different result if counsel had preserved the issue by objecting at trial and the reviewing court had subjected Cook's claim to a less stringent standard of review on direct appeal.

### B. Prosecutor's Closing Remarks

Cook contends that trial counsel should have known that the prosecutor's vouching for the credibility of law enforcement officers was improper and that counsel was ineffective for failing to object to the prosecutor's doing so in his closing argument at trial. Cook claims that "Without the prosecutor's vouching for the credibility of these officers and their testimony, the only other evidence against petitioner was the self-serving testimony of confidential informant Ramos." Cook alleges that trial counsel's failure to object to the prosecutor's vouching "caused the Eleventh Circuit to review on direct appeal under a plain- error standard instead of a more favorable preserved error standard." (Doc. cv-2 at 18-19). He alleges that, had counsel objected, it is more likely than not that the outcome of the proceedings in the trial and appellate courts would have been different.

When trial counsel fails to object to the prosecutor's closing argument, relief is available to rectify only plain error that is so obvious that failure to correct it would jeopardize the fairness and integrity of the trial. *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997); *United States v. Rodgers*, 981 F.2d 497, 499 (11th Cir. 1993). "A prosecutor's comments [in closing argument] must be viewed in the context of the record as a whole, and will be the basis of reversal only if they result in prejudice affecting the

substantial rights of the defendant." *United States v. Harmas*, 974 F.2d 1262, 1269 (11th Cir. 1992); *see United States v. Frazier*, 944 F.2d 820, 825 (11th Cir. 1991) (determining that analyzing a particular remark made by the prosecutor in closing argument for plain error is evaluated "against the entire record" and considered in view of the preceding defense argument).

On direct appeal, the Eleventh Circuit analyzed Cook's claim that the prosecutor's closing argument regarding the credibility of the law enforcement officers improperly encroached upon the jury's province as the sole judge of the credibility of witnesses:

> Cook argues that the prosecutor's statements to the jury urging it to believe the officers in light of their positions, terms of service, reputations, and financial futures were improper, as they were not based upon the evidence and easily could have swayed the jury's decision.
>
> As Cook did not object to the prosecutor's closing argument at trial, our review is limited to plain error. *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997). It is well established that a prosecutor may not vouch for the credibility of the government's witnesses. *United States v. Sims*, 719 F.2d 375, 377 (11th Cir. 1983) (per curiam). We have found that improper vouching occurs when the prosecutor (1) "place[s] the prestige of the government behind the witness, by making explicit personal assurances of the witness' veracity"; or (2) implicitly vouches for the witness's truthfulness by relying upon information not in evidence. *United States v. Knowles*, 66 F.3d 1146, 1161 (11th Cir. 1995). The reversal of a conviction based upon the prosecutor's statements is warranted if the statements "undermined the fairness of the trial and contributed to a miscarriage of justice." *United States v. Hall*, 47 F.3d 1091, 1098 (11th cir. 1995) (internal quotation marks omitted). To find prosecutorial misconduct, "the challenged statements must be improper, and must have prejudicially affected the defendant's substantial rights. A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome would be different." *Id.* (citation omitted).
>
> Although we find that the prosecutor's statements during closing argument were improper, viewing the statements in the context of the record as a whole, it is clear that the statements did not affect Cook's substantial rights. *See Bailey*, 123 F.3d at 1400. In light of the evidence presented at trial, it is unlikely that the outcome of the trial would have been different even

10

>if the prosecutor had not urged the jury to consider what the officers would risk personally and professionally by committing perjury. *See Hall*, 47 F.3d at 1098. Accordingly, we find no plain error by the district court.

(Doc. cr-66 at 8).

Because the prosecutor's closing argument did not affect Cook's substantial rights, Cook cannot show that there was a reasonable probability that, but for the prosecutor's alleged improper closing remarks, the outcome of his trial would have been different. Therefore, Cook cannot show that counsel was ineffective for failing to preserve the issue by objecting to the remarks at trial.

Likewise, Cook cannot show that he was prejudiced by the appellate court's plain error review because Cook cannot show a reasonable probability of a different result if counsel had preserved the issue by objecting at trial and the reviewing court had subjected Cook's claim to a less stringent standard of review on direct appeal.

## Final Remarks

Cook cannot show that trial counsel was ineffective for failing to object to Deputy Johnson's testimony and to the prosecutor's closing remarks, thereby subjecting Cook to plain-error review on direct appeal because Cook cannot show that, had counsel objected to Deputy Johnson's inaccurate testimony and to the prosecutor's closing argument, there is a reasonable probability that the outcome of his trial would have been different. Furthermore, he cannot show that, if he had objected, and the Eleventh Circuit had analyzed Cook's claims under a less stringent standard of review, there is a reasonable probability that the outcome of the proceedings would have been different.

Accordingly, the Court orders:

1. That Cook's motion to vacate is denied, in its entirety. The Court adopts and

incorporates the previous denial order (Doc. cv-14) in this remand order.

2. The Clerk is directed to enter judgment against Cook and to close the civil case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 26, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Eduardo E. Toro-Font
Thomas Jerome Cook, Pro se